UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF<br>HOTEL COAMO SPRINGS.<br><br>ABIMAEL HERNÁNDEZ-GONZÁLEZ,<br><br>    Appellant,<br><br>    v.<br><br>UNITED STATES TRUSTEE,<br><br>    Appellee. | Civil No. 12-1696 (JAF)<br><br>(Rel. Case (B) 75-253) |

**OPINION AND ORDER**

Appellant Abimael Hernández-González ("Appellant"), appearing pro se, moves for a rehearing and reconsideration of our opinion and order. (Docket No. 29.) The Chapter 7 Trustee ("Trustee" or "Appellee") opposes. (Docket No. 30.) In our opinion and order of May 16—the order that Appellant now challenges—we affirmed the bankruptcy court's approval of a settlement agreement between the Chapter 7 Trustee ("Trustee" or "Appellee") and Puerto Rico's Tourism Company ("Tourism"). (Docket No. 27.) Appellant styles his reconsideration motion as one under Fed. R. Bankr. P. 8015. (Docket No. 29.) For the following reasons, we deny Appellant the relief he seeks and uphold our earlier opinion and order.

**I.**

**Legal Standard**

"Although the First Circuit has not specifically addressed the correct procedural mechanism for reconsideration of district court bankruptcy appellate orders, it has upheld a district court decision that used Rule 8015." Rothrock v. Turner, 435 B.R. 70, 76 (D. Me. 2010) (citing In re Abijoe Realty Corp., 943 F.2d 121, 124 (1st Cir. 1991)). Courts have held that

Civil No. 12-1696 (JAF)                                                                                                                 -2-

Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing. See id. (collecting cases).

Rule 8015 provides that "a motion for rehearing may be filed within 14 days after entry of the judgment of the district court." Fed. R. Bankr. P. 8015. The Rule, however, does not define the standard governing such motions. See id. The Advisory Committee Notes to Rule 8015 make clear that the Rule was modeled on Federal Rule of Appellate Procedure 40(a), which applies to petitions for appellate panel rehearings. See Rothrock, 435 B.R. at 76 (citing Fed. R. Bankr. P. 8015 advisory committee's note). Therefore, courts import the standard for granting motions for rehearing under Rule 40(a) to Rule 8015. See id. (collecting cases). It is well-established in the First Circuit that "a party may not raise new and additional matters for the first time in a petition for rehearing." Johnson v. Mahoney, 424 F.3d 83, 96 (1st Cir. 2005) (quoting United States v. Bongiorno, 110 F.3d 132, 133 (1st Cir. 1997)).

## II.

## Discussion

In his brief, Appellant makes the following arguments: The bankruptcy court lacked jurisdiction to approve of the settlement agreement; the settlement lacked the participation of an indispensable party, the Commonwealth of Puerto Rico; and the creditors were not notified of the proposed settlement. (Docket No. 29 at 2.) We have already rejected these arguments in our opinion and order, (Docket No. 27 at 5-9), and need not revisit them now. See Barr v. Galvin, 630 F.3d 250 (1st Cir. 2010) (denying petition that "largely rehashes arguments that were made to, and rejected by, the panel in its earlier opinion."). Petitioner has provided no legal argument as to why our previous findings were incorrect. (Docket No. 29 at 2.) We deem these arguments waived. See Zannino v. United States, 895 F.2d 1, 7 (1st Cir. 1990) ("[I]ssues

Civil No. 12-1696 (JAF)                                                                                      -3-

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

What remains of Appellant's motion are insignificant complaints and unsupported allegations.[1] A representative argument is point number nine, in which Appellant argues that because the Commonwealth of Puerto Rico has not appeared in this appeal, we should interpret this as a "silent admission of Appellant's admissions." (Docket No. 29 at 4.) Appellant cites no legal authority to support this ludicrous argument, which we deem waived. Zannino, 895 F.2d at 7; see also Mahoney, 424 F.3d at 96 ("[A] party may not raise new and additional matters for the first time in a petition for rehearing."). Appellant's other threadbare claims, e.g., regarding the Commonwealth's "abuse of process" and the Trustee's fiduciary duty, fare no better. (Docket No. 29.) Nowhere does Appellant even explain why the points that he raises should lead to the remedy he seeks. Zannino, 895 F.2d at 7.

We quickly dispense with Appellant's sole remaining claim. Appellant claims, without any citations to the record, that the true value of North American Mortgage Investors' secured loan was less than the amount we noted in our opinion and order. (Docket No. 29 at 3.) Even assuming that Appellant's assertions are correct—a fact that we seriously doubt—it would not change our finding that the bankruptcy court correctly judged this settlement to be in the "best interest of the estate." In Re Continental, 637 F.2d 8, 11 (1st Cir. 1990) (internal quotations omitted). As we have noted, the bankruptcy court properly considered the relevant factors in arriving at its decision. See id. (instructing bankruptcy courts to weigh "the probability of success of the litigation, the difficulties of discovery, the complexity, expense, and delay

---

[1] We agree with the Trustee, (Docket No. 30 at 3), that Appellant misunderstands the nature of appellate practice and asks us to address irrelevant issues not properly before this court.

Civil No. 12-1696 (JAF) -4-

incurred by the litigation, and the paramount interest of the creditors."). The bankruptcy court's succinct recitation of the case's history demonstrated why settlement was appropriate:

> This Act case has been before the court for over thirty-six (36) years. . . . $534,513.35 is the only value which the estate has been able to realize since the trustee moved for the abandonment of the remaining property of the estate on May 9, 1997 . . . . From the year 2000 to this date the trustee and Mr. Abimael Hernandez have attempted to recover funds for the benefit of the estate. Parties in interest, and Mr. Abimael Hernandez, in particular, have been given ample time and opportunities to pursue actions to recover funds for the benefit of the estate. No recovery has been obtained. In light of the foregoing, the court finds that the stipulation is in the best interest of the estate, and therefore, approves the same.

(Order, Bankr. No. 07-253, Docket No. 203.) As this case illustrates, "[t]he purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." In re A & C Properties, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (internal citations omitted). These important goals were served by this settlement agreement. Our opinion and order affirming the bankruptcy court still stands.

### III.

### Conclusion

For the foregoing reasons, Appellant's motion, (Docket No. 29), is hereby **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of June, 2013.

                                             s/José Antonio Fusté
                                             JOSE ANTONIO FUSTE
                                             United States District Judge